OPINION
{¶ 1} On April 14, 2004, appellee, Citibank (South Dakota), N.A., filed a complaint against appellant, Kristin A. Stein, for money due and owing on a Citibank credit card. Appellee alleged appellant owed $8,306.08 as of March 3, 2004.
 {¶ 2} On May 14, 2004, appellant filed a motion to dismiss for lack of subject matter jurisdiction, claiming the matter had been solved via an "arbitration award" issued April 19, 2004. By entry filed June 8, 2004, the trial court denied appellant's motion.
 {¶ 3} Because appellant failed to file a timely answer, appellee filed a motion for default judgment on July 20, 2004. Appellant failed to appear for a pretrial scheduled on said date. By entry filed July 20, 2004, the trial court granted appellee's motion for default judgment.
 {¶ 4} The June 8, 2004 entry was subsequently deemed invalid. The trial court again denied appellant's motion to dismiss on December 21, 2004. Appellant again failed to file an answer and appellee renewed its motion for default judgment. By entry filed January 19, 2005, the trial court granted the motion for default.
 {¶ 5} On April 22, 2005, appellant filed a motion to vacate judgment/motion for summary judgment. A hearing was set for May 26, 2005. On May 23, 2005, appellant filed a motion for continuance which was subsequently denied. By journal entry filed June 1, 2005, the trial court dismissed appellant's motion to vacate and upheld the default judgment.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION."
 II {¶ 8} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO CONTINUE THE MAY 26, 2005 HEARING."
 III {¶ 9} "THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S MOTION TO VACATE JUDGMENT FOR LACK OF PROSECUTION."
 I {¶ 10} Appellant claims the trial court erred in failing to grant her motion to dismiss for lack of subject matter jurisdiction. We disagree.
 {¶ 11} Appellant's motion to dismiss was denied by the trial court for the second time on December 21, 2004. On January 19, 2005, the trial court granted appellee a default judgment. No timely appeals were taken from these decisions.
 {¶ 12} Appellant filed a motion to vacate judgment on April 22, 2005. On June 1, 2005, the trial court dismissed this motion. It is from this decision that appellant initiated her appeal on July 7, 2005.
 {¶ 13} We note a Civ.R. 60(B) motion for relief from judgment is not a substitute for appeal. Doe v. Trumbull County ChildrenServices Board (1986), 28 Ohio St.3d 128, paragraph two of the syllabus. App.R. 4(A) states a notice of appeal shall be filed "within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 14} We therefore conclude the issue raised by this assignment of error was not properly perfected for appeal.
 {¶ 15} Assignment of Error I is denied.
 II {¶ 16} Appellant claims the trial court erred in denying her motion for a continuance of the May 26, 2005 hearing on her motion to vacate judgment. We disagree.
 {¶ 17} The grant or denial of a continuance rests in the trial court's sound discretion. State v. Unger (1981),67 Ohio St.2d 65. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 18} By notice filed May 2, 2005, the trial court set the hearing on appellant's motion to vacate judgment for May 26, 2005. On May 23, 2005, appellant filed a motion for continuance, claiming discovery was not complete and was not due until May 25, 2005.
 {¶ 19} The May 26, 2005 hearing was on appellant's motion to vacate judgment therefore, any arguments relative to discovery were not at issue. Appellant filed a motion for summary judgment along with the motion to vacate judgment and subsequently filed a motion for "refusal for fraud/motion to strike plaintiff's opposition to motion."
 {¶ 20} Because the issues framed by the trial court's May 2, 2005 notice were solely limited to appellant's motion to vacate judgment, we find appellant's reasons set forth in her continuance motion were not germane to the issues before the trial court.
 {¶ 21} In addition, during the May 26, 2005 hearing, appellant's husband attempted to appear and argue on appellant's behalf. Because appellant's husband was not a party and not an attorney, the trial court denied him the right to present appellant's position. T. at 3-4. However, the trial court permitted appellant's husband to make statements on appellant's behalf. T. at 5-6. It was not until it was obvious that appellant's husband wanted to present evidence that it was learned appellant was unable to attend the hearing because she was on medical leave due to her pregnancy. T. at 6.
 {¶ 22} Upon review, we find the trial court did not abuse its discretion in denying the eleventh hour continuance which did not speak to the valid reason for the request.
 {¶ 23} Assignment of Error II is denied.
 III {¶ 24} Appellant claims the trial court erred in dismissing her motion to vacate judgment. We disagree.
 {¶ 25} In its journal entry of June 1, 2005, the trial court dismissed appellant's motion "for lack of prosecution" based upon her failure to attend the hearing specifically set for the motion. The record of the May 26, 2005 hearing establishes appellant was not present and therefore did not prosecute her claims. T. at 1.
 {¶ 26} Because a motion to vacate requires a trial court to at least determine that it is procedurally adequate, we will review appellant's motion based upon the filings in the record.
 {¶ 27} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan
(1987), 33 Ohio St.3d 75; Blakemore. In GTE Automatic ElectricInc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 28} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 29} From a review of the appellant's filings, we find the motion fails to set forth any of the requirements of Civ.R. 60(B), and fails to present any affidavit quality evidence to establish any prong of Civ.R. 60(B)1-5 or the requirements ofGTE Automatic. See, Cogswell v. Cardio Clinic of Stark County,Inc. (October 21, 1991), Stark App. No. CA-8553. The motion is factually incomplete and does not set forth a legitimate reason for granting relief.
 {¶ 30} Upon review, we find the trial court did not err in dismissing appellant's motion to vacate judgment.
 {¶ 31} Assignment of Error III is denied.
 {¶ 32} The judgment of the Municipal Court of Fairfield County, Ohio is hereby affirmed.
Farmer, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Fairfield County, Ohio is affirmed.