OPINION *Page 2 
{¶ 1} Defendants-appellants Northern Valley Contractors, Inc. and James Valentine appeal from the July 26, 2006, and October 12, 2006, Judgment Entries of the Stark County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 8, 2006, appellee Ohio CAT filed a complaint against appellants Northern Valley Contractors, Inc. and James Valentine, its President. Appellee, in its complaint, alleged that appellant Northern Valley Contractors, Inc. was indebted to appellee on an agreement for merchandise and services in the amount of $44,846.72. Appellee further alleged that appellant James Valentine had executed a personal guarantee and had breached the same by failing to make payments after being notified of appellant Northern Valley Contractors, Inc.'s default. Appellee, which attached copies of the agreement and the guarantee to its complaint, sought judgment against both appellants, jointly and severally, in the amount of $44,846.82 plus interest.
 {¶ 3} Thereafter, on March 17, 2006, appellants filed an answer to appellee's complaint. Appellants, in their answer, stated, in part, that "Valentine does not have sufficient knowledge and/or information to form a belief as to the truth of the allegations contained within Count II, Paragraph five (5) of Ohio Cat' [sic] Complaint, specifically the authenticity of Valentine's alleged signature and thereby denies the same."
 {¶ 4} On June 29, 2006, appellee filed a Motion for Summary Judgment. Attached to appellee's motion was an affidavit from Gary Liggett, appellee's credit manager and custodian of its records. Liggett, in his affidavit, stated, in relevant part, as follows: *Page 3 
 {¶ 5} "1. That Affiant is employed by the Plaintiff as credit manager, is responsible for the superintendence and recovery of delinquent contracts and accounts, is familiar with the contents of the Ohio CAT file relative to Defendant Northern Valley Contractors, Inc. and James Valentine and is qualified and authorized to testify as custodian of records.
 {¶ 6} "2. That Affiant has performed a diligent search of all records concerning a cause of action known as 'Ohio CAT vs. Northern ValleyContractors, Inc., et al.[1] pending in the Common Pleas Court, Stark County, Ohio.
 {¶ 7} "3. That Defendants Northern Valley Contractors, Inc. and James Valentine owe Plaintiff money for services and/or merchandise as set forth in Plaintiffs Complaint and that the attachments to said Complaint are accurate copies of their originals, made at or near the time of the events they reflect by a person with knowledge, kept in the ordinary course of Plaintiffs business and in accordance with a policy and procedure to keep such records.
 {¶ 8} "4. That the correct balance due to the Plaintiff is $44,846.82 plus interest at the rate of 18% per annum from July 9, 2005, plus costs . . ."
 {¶ 9} Appellants, on July 12, 2006, filed a brief in opposition to appellee's motion, alleging that appellants were not entitled to summary judgment because there were genuine issues of material fact. Appellants, in their brief, argued, in relevant part, that appellee "has failed to demonstrate any evidence that Valentine did specifically sign his name as the personal guarantor of NVC. The authenticity of Valentine's alleged signature is a genuine issue of material fact, which precluded granting summary *Page 4 
judgment. Suffice it to say, Plaintiff has failed to establish his point as to the authenticity of Valentine's purported signature."
 {¶ 10} However, appellants did not attach any affidavits or documentary evidence to their brief.
 {¶ 11} Pursuant to a Judgment Entry filed on July 26, 2006, the trial court granted appellee's Motion for Summary Judgment, finding that there were no genuine issues of material fact as to "Smith's" personal liability.
 {¶ 12} Subsequently, on August 10, 2006, appellants filed a Motion for Relief from Judgment pursuant to Civ.R. 60(B)(1). Appellants, in their motion, alleged that appellants' former counsel had mistakenly and inadvertently failed to assert that appellants had raised the issue of the authenticity of appellant Valentine's signature on the alleged personal guarantee in their answer, "thus giving the appearance that the assertion was unsubstantiated and that the issue was first being raised in Defendants' Brief in Opposition of Plaintiff's Motion for Summary Judgment." On the same date, appellants filed an affidavit from appellant Valentine. Appellant Valentine, in his affidavit, stated as follows:
 {¶ 13} "1. I am over the age of eighteen years, and I have firsthand knowledge of the information contained in this affidavit.
 {¶ 14} "2. I am the president of Northern Valley Contractors, Inc.
 {¶ 15} "3. I have no recollection of having signed the personal guarantee that is the subject of the above-captioned lawsuit. *Page 5 
 {¶ 16} "4. In the course of Northern Valley Contractors, Inc.'s business, it is my custom to not sign personal guarantees except in cases of bank loans and for bonding companies."
 {¶ 17} Appellants, in their motion, also noted that the trial court's July 26, 2006 Judgment Entry, referred to "Smith's" personal liability when no individual by the name of Smith was ever a party to the lawsuit.
 {¶ 18} As memorialized in a Judgment Entry filed on October 12, 2006, the trial court overruled appellants' Motion for Relief from Judgment pursuant to Civ.R. 60(B)(1). The trial court, in its entry, found that there was no "mistake" under Civ.R. 60(B) but rather that appellants had "lost the case on the merits." The trial court, in its October 12, 2006 Judgment Entry, also, pursuant to Civ. R. 60(A), corrected its July 26, 2006 Judgment Entry by substituting the name "Valentine" for the name "Smith."
 {¶ 19} It is from the July 26, 2006 and October 12, 2006 Judgment Entries[2] that appellants now appeal, raising the following assignments of error:
 {¶ 20} "I. THE TRIAL COURT ERRED IN GRANTING OHIO CAT'S MOTION FOR SUMMARY JUDGMENT AGAINST JAMES VALENTINE WHERE OHIO CAT FAILED TO PRODUCE ADEQUATE EVIDENCE ESTABLISHING THAT JAMES VALENTINE PERSONALLY GUARANTEED THE ALLEGED DEBT OF NORTHERN VALLEY CONTRACTORS.
 {¶ 21} "II. THE TRIAL COURT ERRED IN GRANTING OHIO CAT'S MOTION FOR SUMMARY JUDGMENT AGAINST JAMES VALENTINE WHEN THERE IS A GENUINE ISSUE OF MATERIAL FACT ABOUT WHETHER JAMES VALENTINE *Page 6 
SIGNED THEIR PURPORTED PERSONAL GUARANTY OF THE ALLEGED DEBT OF NORTHERN VALLEY CONTRACTORS.
 {¶ 22} "III. THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(B) WHEN IT IS CLEAR THAT MISTAKES HAD OCCURRED.
 {¶ 23} "IV. THE TRIAL COURT ERRED IN GRANTING OHIO CAT'S MOTION FOR SUMMARY JUDGMENT AGAINST NORTHERN VALLEY CONTRACTORS, INC. (NVC) AND JAMES VALENTINE WHEN THERE ARE GENUINE ISSUES OF MATERIAL FACT CONCERNING THE ALLEGED LIABILITY OF APPELLANTS."
 I, II {¶ 24} Appellants, in their first two assignments of error, argue that the trial court erred in granting appellee's Motion for Summary Judgment against James Valentine. We disagree.
 {¶ 25} This matter reaches us upon a grant of summary judgment. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36,506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides the following, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence *Page 7 
or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 26} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall,77 Ohio St.3d 421, 429, 1997-Ohio-259, 674 N.E.2d 1164, citing Dresher v. Burt (1996),75 Ohio St.3d 280, 662 N.E.2d 264.
 {¶ 27} Appellants specifically contend that the trial court erred in granting summary judgment to appellee because appellee failed to produce adequate evidence establishing that appellant James Valentine personally guaranteed the alleged debt of appellant Northern Valley Contractors. Appellants argue that there is a genuine issue of material fact as to whether appellant Valentine signed the personal guaranty.
 {¶ 28} As is stated above, attached to appellee's motion was an affidavit from Gary Liggett, appellee's credit manager and custodian of its records. Liggett, in his affidavit, stated, in relevant part, as follows: *Page 8 
 {¶ 29} "1. That Affiant is employed by the Plaintiff as credit manager, is responsible for the superintendence and recovery of delinquent contracts and accounts, is familiar with the contents of the Ohio CAT file relative to Defendant Northern Valley Contractors, Inc. and James Valentine and is qualified and authorized to testify as custodian of records.
 {¶ 30} "2. That Affiant has performed a diligent search of all records concerning a cause of action known as 'Ohio CAT vs. Northern ValleyContractors, Inc., et al. pending in the Common Pleas Court, Stark County, Ohio.
 {¶ 31} "3. That Defendants Northern Valley Contractors, Inc. and James Valentine owe Plaintiff money for services and/or merchandise as set forth in Plaintiffs Complaint and that the attachments to said Complaint are accurate copies of their originals, made at or near the time of the events they reflect by a person with knowledge, kept in the ordinary course of Plaintiffs business and in accordance with a policy and procedure to keep such records.
 {¶ 32} "4. That the correct balance due to the Plaintiff is $44,846.82 plus interest at the rate of 18% per annum from July 9, 2005, plus costs . . ."
 {¶ 33} A copy of the personal guarantee was attached to appellee's complaint.
 {¶ 34} Despite such affidavit, appellants argue that appellee failed to produce summary judgment quality evidence in support of its Motion for Summary Judgment. Appellants, citing to Evid. R. 1003, contend that the trial court's granting of summary judgment should be reversed because the originals of the documents Liggett referred to in his affidavit were not attached to appellee's complaint. *Page 9 
 {¶ 35} Evid.R. 1003 provides that a duplicate is admissible to the same extent as an original unless (1) there is a genuine question raised as to the authenticity of the original or the trustworthiness of the duplicate or (2) under the circumstances it would be unfair to admit the duplicate in lieu of the original. State v. Easter (1991),75 Ohio App.3d 22, 27, 598 N.E.2d 845. Pursuant to Evid.R. 1003, a party who seeks to exclude a duplicate from evidence has the burden of demonstrating that it should not be admitted. National City Bank v.Fleming (1981), 2 Ohio App.3d 50, 57, 440 N.E.2d 590. Appellants, in the case sub judice, never challenged the admission of copies of the original documents. Nor did appellants demonstrate how it was unfair to admit the duplicates. Thus, appellants failed to meet their burden of demonstrating that a duplicate should not be admitted.
 {¶ 36} With respect to the records referred to in Liggett's affidavit, which are the agreement and the personal guarantee, Evid. R. 901 provides that authentication of business records is governed by Evid. R. 803(6). Evid.R. 803(6) provides that a party seeking to admit a business record into evidence must establish three essential elements: (i) the record must be one regularly made in a regularly conducted activity; (ii) the contents of the record must have been entered or transmitted by a person with knowledge of the act, event, or condition recorded therein; and (iii) the act, event, or condition must have been recorded at or near the time of the transaction. See Evid.R. 803(6). The "custodian of the records" or other qualified witness under Evid.R. 901(B)(10) must lay the requisite foundation for admissibility. We find that the agreement and guarantee were admissible because Liggett, the custodian of the records, properly authenticated the documents attached to appellee's complaint. *Page 10 
 {¶ 37} Based on the foregoing, we find that appellee supported its Motion for Summary Judgment with evidentiary quality material establishing that appellant Valentine's signature was on the personal guarantee.
 {¶ 38} Civ.R. 56 (E) states, in relevant part, that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Because appellee produced evidence, in its Motion for Summary Judgment, that appellant Valentine's signature was on the personal guarantee, the burden shifted to appellants to provide the trial court with an affidavit or other evidentiary material establishing that there is a genuine issue of material fact as to the authenticity of the signature on the personal guarantee. Appellants, however, failed to present such evidence, but rather argued, in their response in opposition to appellee's Motion for Summary Judgment, that appellee failed to establish the authenticity of Valentine's purported signature.
 {¶ 39} Based on the foregoing, we find that the trial court did not err in granting appellee's Motion for Summary Judgment.
 {¶ 40} Appellants' first and second assignments of error are, therefore, overruled.
 III {¶ 41} Appellants, in their third assignment of error, argue that the trial court erred in denying appellants' Motion for Relief from Judgment under Civ.R. 60(B). We disagree. *Page 11 
 {¶ 42} Civ. R. 60(B) provides the basis upon which a party may obtain relief from judgment, and states in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules." "A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. See also Citibank (SouthDakota), N.A. v. Stein, Fairfield App. No. 05CA71, 2006-Ohio-2674 at paragraph 27.
 {¶ 43} The Ohio Supreme Court interpreted Civ. R. 60(B) in the seminal case of GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113 as follows: "To prevail on his motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at 150-151. *Page 12 
 {¶ 44} Appellants, in the case sub judice, alleged that they were entitled to relief from judgment under Civ.R. 60(B)(1) because appellants' former counsel mistakenly and inadvertently failed to assert that appellants had raised the issue of the authenticity of appellant Valentine's signature on the personal guarantee in their answer, "thus giving the appearance that the assertion was unsubstantiated and that the issue was first being raised in Defendants' Brief in Opposition of Plaintiff's Motion for Summary Judgment." Appellant also maintain that they were entitled to such relief because there were genuine issues of material fact, and because the July 26, 2006 Judgment Entry of the trial court mistakenly referred to a non-party. However, dissatisfaction with the manner in which an attorney handled a case cannot serve as a basis for a Civ.R. 60(B)(1) motion. See, for example, Laatsch v. Laatsch, Wood App. No. WD-05-101, 2006-Ohio-2923. As noted by the trial court, in its October 12, 2006 Judgment Entry, "[t]his Court is not convinced that previous counsel's manner of presentation of certain legal arguments in the brief filed in opposition to Plaintiff's summary judgment motion somehow amounts to `mistake' under Rule 60(B)."
 {¶ 45} Furthermore, while the trial court, in its July 26, 2006 Judgment Entry, granting appellee's Motion for Summary Judgment found that there were no genuine issues of material fact as to"Smith's" personal liability, we note that the trial court, once advised of the clerical error, corrected such entry in accordance with Civ.R. 60(A).
 {¶ 46} Appellants' third assignment of error is, therefore, overruled.
 IV {¶ 47} Appellants, in their fourth assignment of error, argue that the trial court erred in granting appellee's Motion for Summary Judgment against appellant Northern *Page 13 
Valley Contractors because there are genuine issues of material fact concerning the liability of such appellant. We disagree.
 {¶ 48} Appellant claims that the name Ohio CAT does not appear on the documents attached to the complaint. Those documents include a credit agreement and a Personal Guarantee. The company name that appears most prominently on those documents is Ohio Machinery Co.
 {¶ 49} We find that this fact does not create a genuine issue of material fact for the following reasons: The word "CAT" does appear on the credit agreement. The complaint alleges that Northern Valley Contractors is indebted to Ohio Cat based on the credit agreement attached to the complaint. Ohio Cat's address on the complaint appears to match the address included on the credit agreement. The affidavit of Ohio Cat's credit manager, Gary Liggett, is attached to appellee's Motion for Summary Judgment. Mr. Liggett states that Northern Valley Contractors is indebted to Ohio Cat based on the documents attached to the complaint.
 {¶ 50} Appellant's brief in opposition to the Motion for Summary Judgment fails to raise the issue that Northern Valley Contractors does not owe Ohio Cat any money. Rather, the brief in opposition states that Ohio Cat "failed to demonstrate any evidence that Valentine did specifically sign his name as the personal guarantor of NVC." Appellants, in their response to appellee's Motion for Summary Judgment, did not produce any affidavits or evidentiary materials contradicting the allegation that Northern Valley Contractors owed money to Ohio Cat so as to create a genuine issue of material fact as to appellant Northern Valley Contractor's liability. *Page 14 
We find, therefore, that the trial court did not err in granting summary judgment against appellant Northern Valley Contractors.
 {¶ 51} Appellee's fourth assignment of error is, therefore, overruled.
 {¶ 52} Based on the foregoing, the judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J. Farmer, P.J. and Wise, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellants.
[1] We note that, in the affidavit, there is no ending quote mark after the words et al.
[2] While two separate Notices of Appeal were filed, this Court consolidated the two cases. *Page 1