OXFORD SYSTEMS INTEGRATION, INC., Appellee and Cross–Appellants,

v.

SMITH–BOUGHAN MECHANICAL SERVICES, Appellant and Cross–Appellee.

[Cite as *Oxford Sys. Integration, Inc. v. Smith–Boughan Mechanical Serv.*, 159 Ohio App.3d 533, 2005-Ohio-210.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 04CA16.

Decided Jan. 21, 2005.

Jonathan S. Zweizig, for appellee and cross-appellant.

Luther L. Liggett Jr. and Terrence O'Donnell, for appellant and cross-appellee.

---

GRADY, Judge.

{¶ 1} This is an appeal and a cross-appeal from a judgment for $10,602.32, plus interest, in favor of plaintiff, Oxford Systems Integration, Inc. ("Oxford") and against defendant, Smith–Boughan Mechanical Services, Inc. ("Smith–Boughan").

{¶ 2} The underlying action was commenced by Oxford as a complaint on an account. Oxford alleged that it had provided Smith–Boughan with computer-related goods and services for which Smith–Boughan owed Oxford $28,416.79 that it had failed to pay. Attached to Oxford's complaint was a "Customer Statement" indicating 13 invoices that Oxford had sent Smith–Boughan representing amounts due and unpaid, which together totaled the amount of Oxford's demand for judgment.

{¶ 3} Smith–Boughan filed an answer denying the claim in several respects. Smith–Boughan also pleaded several affirmative defenses, including breach of contract.

{¶ 4} Smith–Boughan moved for a change of venue, arguing that the action should have been filed in Allen County, where Smith–Boughan's business is located and the transactions at issue took place. The trial court denied the motion. The court also denied Smith–Boughan's Civ.R. 12(C) motion for a judgment on the pleadings for failure to allege a breach of a contract underlying the alleged account obligation.

{¶ 5} The matter eventually proceeded to a trial to the court. On April 6, 2004, the court filed its written judgment for Oxford. Smith–Boughan filed a timely notice of appeal. Oxford filed a timely notice of cross-appeal.

Smith–Boughan's Appeal

FIRST ASSIGNMENT OF ERROR

{¶ 6} "The trial court erred as a matter of law by holding that breach of an express contract and an action on account are 'a distinction without a difference.'"

■ {¶ 7} Revisiting an issue it had decided when it denied Smith–Boughan's pretrial motion for a judgment on the pleadings, the court in its final judgment rejected Smith–Boughan's argument that Oxford's complaint was deficient for failure to allege a breach of contract, reasoning that a contract and its breach necessarily underlie a claim on an account filed pursuant to Civ.R. 10(D). The court termed Smith–Boughan's argument "a distinction without a difference."

{¶ 8} Smith–Boughan attacks the trial court's holding, but not for its logic. Rather, Smith–Boughan argues that the holding ignores what Smith–Boughan sees as a ploy by Oxford to limit the evidence that might be offered to the particular invoices that form the account on which its complaint was founded, also avoiding the need to prove a breach.

■ {¶ 9} Civ.R. 8(A) provides that a claim for relief in a complaint "shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." The pleader is required to set out operative facts sufficient to give fair notice of the nature of the action. *DeVore v. Mut. of Omaha Ins. Co.* (1972), 32 Ohio App.2d 36, 61 O.O.2d 21, 288 N.E.2d 202.

{¶ 10} "The 'operative facts' or 'operative grounds' approach places the emphasis upon the facts of the incident or transaction out of which a claim for relief arises. Accordingly, the basic facts of the incident, transaction, or occurrence that gives rise to a clam for relief must be stated." 1 Klein & Darling, Baldwin's Ohio Civil Practice (2d Ed.2001) 710–711, Section 8:1.

{¶ 11} Civ.R. 10(C) provides: "A copy of any written instrument attached to a pleading is a part thereof for all purposes." Complementing that provision, Civ.R. 10(D) states:

{¶ 12} "When any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to the pleading. If not so attached, the reason for the omission must be stated in the pleading."

■ {¶ 13} Read together with Civ.R. 10(C), Civ.R. 10(D) makes the permissive provisions of Civ. R 10(C) mandatory when a claim is founded on a written instrument or account. However, compliance with Civ.R. 10(D) does not relieve a plaintiff of the requirements of Civ.R. 8(A) unless the operative facts of the claim are sufficiently portrayed on the face of the attached instrument or account.

{¶ 14} "Civil Rule 10(C) and Civ.R. 10(D) accomplish a very simple pleading purpose— clarity. An attached written instrument is more comprehensible than a detailed description of that instrument in the body of the complaint or answer. Moreover, because the action is based on the instrument, the instrument itself should be construed as much a part of the pleading as any descriptive paragraph

within the pleading. The instrument is the best evidence of the agreement. The term 'written instrument' is a very broad term; hence any pleading based on a written instrument—from a promissory note to a deed—should have a copy of that instrument attached." 4 Harper & Solimine, Anderson's Ohio Civil Practice (2d Ed.2000) 281, Section 151.18.

{¶ 15} Unlike other Civil Rules governing pleading, Civ.R. 10(D) has no counterpart in the Federal Rules. Rather, Civ.R. 10(D) was adopted to correspond with former R.C. 2309.32, which provided: "In an action * * * founded upon an account, * * * it is sufficient for a party to set forth a copy of the account * * *, with all credits * * * thereon, and to state that there is due to him, on such account * * * from the adverse party, a specified sum which he claims, with interest." 1953 H.B. No. 1.

■ {¶ 16} R.C. 2309.32 was repealed by 1970 H.B. No. 1201 because it was in conflict with the more specific "operative facts" pleading requirements of Civ.R. 8(A). Nevertheless, the custom continues to plead a claim on an account with reference to the copy of the account attached to the complaint without further recitations explaining the debt the account purports to reflect. Even so, it is fundamental that the "action is founded upon contract, and thus a plaintiff must prove the necessary elements of a contract action, and, in addition, must prove that the contract involves a transaction that usually forms the subject of a book account." *Arthur v. Parenteau* (1995), 102 Ohio App.3d 302, 304, 657 N.E.2d 284, quoting *Gabriele v. Reagan* (1988), 57 Ohio App.3d 84, 566 N.E.2d 684.

■ {¶ 17} The trial court's holding reflects the fact that an underlying contract and its breach are necessary predicates to an action on an account. Smith–Boughan's particular complaint is that the holding relieved Oxford of its burden to prove the underlying contract and its breach, Oxford not having pleaded one. We agree that the complaint was defective in that regard; Oxford pleaded only that the two parties had "engaged in a business relationship in which the Plaintiff would provide goods and/or services to the Defendants." That ambiguity may have been a calculated effort to limit the evidence or avoid Oxford's burden to prove a contract. Smith–Boughan's remedy was readily available in Civ.R. 12(E), which allows a defendant to move for a more definite statement when a claim for relief is ambiguous. That remedy ordinarily avoids the burden-shifting problem Smith–Boughan complains of.

{¶ 18} Smith–Boughan didn't seek Civ.R. 12(E) relief, however. Instead, it sought a Civ.R. 12(C) judgment on the pleadings, which the court denied, holding that the existence of a contract was implicit in Oxford's claim. Evidence relevant to the underlying contracts was freely admitted by the court in the trial

proceeding. On this record, we cannot find that Smith–Boughan was prejudiced by the holding of which it complains.

{¶ 19} The first assignment of error is overruled.

## SECOND ASSIGNMENT OF ERROR

{¶ 20} "The trial court erred as a matter of law by first finding plaintiff breached its contract, but then improperly shifting the burden to defendant to prove the value of the breach, resulting in the nullification of plaintiff's breach."

{¶ 21} The parties' initial agreement provided that Oxford would provide Smith–Boughan a computer network assessment for a fee of $8,000. The unpaid fee was a part of Oxford's claim on its account.

{¶ 22} The trial court did not find that Oxford had breached the agreement. Rather, the court found that the network assessment was never completed "because of ever changing modifications to Defendant's system which changed the paper documentation. There was never credible evidence presented to the Court clearly establishing what value, if any, the network assessment had under such conditions, nor can the court say for certain that any of the network assessment which was done, but not provided, was ever billed to the Defendant. The court concludes that the Defendant did not suffer loss by this omission."

{¶ 23} The trial court appears to have concluded that performance of Oxford's promise to produce a network assessment was rendered impossible by the changing circumstances attributable to Smith–Boughan but that Oxford was nevertheless owed for the time it had spent and the efforts it made. The court awarded Oxford $8,000, the amount Smith–Boughan promised to pay for the network assessment.

{¶ 24} As best we can understand its contentions, Smith–Boughan complains that it was billed for a service Oxford failed to provide and that the court relieved Oxford of its burden to prove that the service was provided, shifting to Smith–Boughan the burden to prove the value of the service that Oxford promised to provide. However, whether the promised service was provided is rendered immaterial by the trial court's finding.

{¶ 25} The second assignment of error is overruled.

## THIRD ASSIGNMENT OF ERROR

{¶ 26} "The trial court erred as a matter of law by finding that venue was proper in Miami County, when all activity took place in Allen County."

{¶ 27} Smith–Boughan complains that the only connection that Miami County had with the transactions in issue is that Smith–Boughan had sent several

payments to Oxford at its offices in Miami County. We have held that form of contact sufficient to withstand a motion for change of venue. See *Kniess v. Bob Roark Floor Coverings* (Nov. 29, 1996), Miami App. No. 96–CA–23, 1996 WL 685791.

{¶ 28} The third assignment of error is overruled.

### Oxford's Cross–Appeal

### ASSIGNMENT OF ERROR

{¶ 29} "The trial court erred as a matter of law by awarding a credit to Smith–Boughan for the payment of invoices that do not form the basis of the instant litigation."

{¶ 30} Oxford, relying on the statement of account attached to its complaint, argued that the amount it is owed by Smith–Boughan is the total of the 13 numerically identified invoices set out in the account. After hearing the evidence concerning all of their transactions, the trial court concluded that the amounts in issue were the product of three separate contracts. The court then stated:

{¶ 31} "The Court also finds there was no breach of any of the contracts.

{¶ 32} "Accordingly, it is determined the Plaintiff was entitled to $8,000.00 on the first written contract; $5,896.08 on the second written contract; and $6,436.00 on the third (oral) contract; for a total of $20,332.08. From this amount the Defendant has already paid $9,729.76 leaving a balance of $10,602.32."

{¶ 33} The parties stipulated that Smith–Boughan had paid Oxford $9,729.96. Oxford argues on appeal that the trial court erred in crediting that amount against Smith–Boughan's obligations because the six numerically identified invoices on which the $9,729.96 was paid are not among the 11 numerically identified invoices totaling the $20,332.08 obligation against which the credit was allowed.

{¶ 34} The trial court was not limited to the recitations in the account attached to the complaint or the invoice format on which Oxford relied in determining the parties' obligations. The court instead viewed their dealings as the product of three contracts. The court heard evidence on the promises that were made, the services that were rendered, the payments that were made, and the amounts due. The $9,729.76 credit that the court allowed is a product of that review. The fact that the credit was not applicable to the particular invoices identified in Oxford's pleading does not demonstrate that the court abused its discretion.

{¶ 35} The assignment of error is overruled.

### Conclusion

{¶ 36} Having overruled the assignments of error presented in the appeal and the cross-appeal, we affirm the judgment of the trial court from which they were taken.

Judgment affirmed.

WOLFF and FREDERICK N. YOUNG, JJ., concur.