[Cite as *Cintas Corp. #130 v. Artcraft Memorials Inc.*, 2011-Ohio-567.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CINTAS CORPORATION #310 | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | |
| ARTCRAFT MEMORIALS INC., DBA | Case No. 2010CA00315 |
| VENTLING MEMORIALS | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING: Appeal from the Canton Municiapl Court,
Case No. 2010CVF5419



JUDGMENT: Affirmed



DATE OF JUDGMENT ENTRY: February 7, 2011



APPEARANCES:

For Plaintiff-Appellee                           For Defendant-Appellant

DAVID M. KRUEGER                            THOMAS C. NADER
11 Federal Plaza Central                        5000 East Market Street
Suite 300                                              Suite 33
Youngstown, OH  44503                        Warren, OH  44484

*Farmer, J.*

{¶1}  On January 4, 2004, appellant, Artcraft Memorials, Inc., dba Ventling Memorials, and appellee, Cintas Corporation #310, entered into a "Standard Uniform Rental Service Agreement" whereby appellee would provide goods and services to appellant and appellant would pay appellee on a monthly basis.  Appellant's place of business was located in Austintown, Ohio.

{¶2}  On August 13, 2010, appellee filed a complaint against appellant, claiming breach of contract.  The complaint was filed in the Canton Municipal Court.  On August 24, 2010, appellant filed a motion to dismiss for lack of subject matter jurisdiction.  A hearing was held on September 1, 2010.  By trial notice filed same date, the trial court denied the motion.

{¶3}  A bench trial commenced on October 8, 2010.  By judgment entry filed October 12, 2010, the trial court found in favor of appellee in the amount of $1,595.56 plus costs and interest.

{¶4}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶5}  "THE TRIAL COURT ERRED IN FINDING THAT IT HAD SUBJECT MATTER JURISDICTION OVER THIS MATTER."

I

{¶6}  Appellant claims the trial court erred in finding it had subject matter jurisdiction over the contract dispute.  We disagree.

{¶7} Specifically, appellant argues the trial court lacked jurisdiction because its business and the goods and services supplied were located in Austintown, Ohio, outside the trial court's jurisdiction, and appellee's address is merely listed on the face of the complaint as a post office box in North Canton, Ohio. The contract is silent as to the location of appellee's place of business.

{¶8} R.C. 1901.17 governs monetary jurisdiction of municipal courts and states the following:

{¶9} "A municipal court shall have original jurisdiction only in those cases in which the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed fifteen thousand dollars, except that this limit does not apply to the housing division or environmental division of a municipal court."

{¶10} R.C. 1901.18 governs subject matter jurisdiction of municipal courts. Subsection (A)(3) states the following in pertinent part:

{¶11} "(A) Except as otherwise provided in this division or section 1901.181 of the Revised Code, subject to the monetary jurisdiction of municipal courts as set forth in section 1901.17 of the Revised Code, a municipal court has original jurisdiction within its territory in all of the following actions or proceedings and to perform all of the following functions:

{¶12} "(3) In any action at law based on contract, to determine, preserve, and enforce all legal and equitable rights involved in the contract, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties to the contract."

{¶13} In the case sub judice, appellee's claim was based upon a contract (Standard Uniform Rental Service Agreement), and appellee sought to recover less than $15,000. Therefore, the Canton Municipal Court had subject matter jurisdiction over the case.

{¶14} As explained by our brethren from the Ninth District in *First Merit v. Boesel,* Summit App. No. 21667, 2004-Ohio-1875, ¶7:

{¶15} "Appellant's claim is actually a challenge to venue in this case.***Venue 'relates to the geographic division where a cause can be tried[.]'***Proper venue lies in any county enumerated in the first nine provisions of Civ.R. 3(B), including the 'county in which the defendant conducted activity that gave rise to the claim for relief' or in the 'county in which all or part of the claim for relief arose.' Civ.R. 3(B)(3) and (6). In a contract collection action, that county may include the location where Appellant was required to deliver money to Appellee. *Soloman v. Excel Marketing, Inc.* (1996), 114 Ohio App.3d 20, 25-26, 682 N.E.2d 724; *Lorenz Equip. Co. v. Ultra Builders, Inc.* (Feb. 23, 1993), 10th Dist. No. 92AP-1445; *Janet's Reporting & Video Serv. v. Rauchman* (May 29, 1990), 12th Dist. No. CA89-10-150. In this case, Appellant was required to deliver payment to Appellee at an address in Akron, Ohio. The Akron Municipal Court, therefore, was a proper venue for this action." (Some citations omitted.)

{¶16} As noted in the trial court's September 1, 2010 trial notice, a hearing on the motion to dismiss was held, but a transcript of the hearing was not provided for our review. In *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, the Supreme Court of Ohio held the following:

{¶17} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that '***the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.***.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)

{¶18} The contract is attached to the August 13, 2010 complaint and recites the agreement, but is silent as to the location of appellee's business or the location for payment for the goods and services. The caption of the complaint lists appellee's address as: P.O. Box 2778, North Canton, Ohio, 44720. In its appellate brief under "Statement of the Facts," appellee avers all payments were to be made to the address listed on the complaint. See, Appellee's Brief at 3 and fn. 9. Despite the deficiency in the contract, appellee argues the presumption is that payment was made to the North Canton post office box.

{¶19} In appellee's August 30, 2010 response to the motion to dismiss, it averred that payments on the contract were made to the North Canton post office box. There is nothing in the record to indicate that appellant disagreed with this statement.

{¶20} Without benefit of the transcript from the motion to dismiss hearing, we can conclude the trial court found this statement to be correct. In *Melslat v. Amster-*

*Kirtz Company,* Stark App. Nos. 2007 CA 00189 and 2007 CA 00190, 2008-Ohio-4058, ¶62-63, this court echoed the *First Merit* case, supra:

{¶21} "Appellants are, in essence, challenging venue in this case. Venue 'relates to the geographic division where a cause can be tried [.]' *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 88, 290 N.E.2d 841. Pursuant to Civ.R. 3(B), proper venue lies in the 'county in which the defendant conducted activity that gave rise to the claim for relief' or in the 'county in which all or part of the claim for relief arose.' Civ.R. 3(B)(3) and (6). In a contract collection action, that county may include the location where the appellant was required to deliver money to the appellee. *Soloman v. Excel Marketing, Inc.* (1996), 114 Ohio App.3d 20, 25-26, 682 N.E.2d 724. See also *Oxford Systems Integration, Inc. v. Smith-Boughan Mechanical Services,* 159 Ohio App.3d 533, 2005-Ohio-210, 824 N.E.2d 586, in which the court held that the county in which the appellee had its offices (Miami County) was a proper venue for its action on an account against a customer. The court in such case noted that while the appellant complained that the only connection Miami County had with the transaction is that the appellant had sent several payments to the appellee at its offices in Miami County, '[w]e have held that form of contact sufficient to withstand a motion for change of venue.' Id. at paragraph 27.

{¶22} "In the case sub judice, appellants were required to pay appellee in Canton, Ohio which is located in Stark County. The complaints in both cases are based on appellants' alleged failure to do so. We find, therefore, that venue was proper in the Canton Municipal Court."

{¶23}  Based upon the cited cases and *Knapp,* supra, we find the trial court did not err in denying the motion to dismiss.

{¶24}  The sole assignment of error is denied.

{¶25}  The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Wise, J. concur and

Hoffman, P.J. concurs separately.


_s/ Sheila G. Farmer_____


_s/ John W. Wise_____


_____

JUDGES

SGF/sg 1/25

*Hoffman, P.J., concurring*

      **{¶26}** I concur in the majority's disposition based solely upon *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197.  I find the cases cited in the majority opinion distinguishable from the case sub judice and would not rely upon them as authority for affirming the trial court's judgment.

 

                                        _____

                                        HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| CINTAS CORPORATION #310 | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ARTCRAFT MEMORIALS INC., | : | |
| DBA VENTLING MEMORIALS | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010CA00315 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed. Costs to appellant.


s/ Sheila G. Farmer_____


 s/ John W. Wise_____


 s/ William B. Hoffman_____

JUDGES