FROELICH, J., concurring in part and dissenting in part:
{¶ 26} I agree that the trial court did not err in overruling Appellant Ourania's motion for summary judgment based on Appellee Tom's alleged failure to deny any of the averments in her complaint; I also agree with the resolution of the motion for sanctions. However, I disagree that Ourania failed to plead any damages other than unpaid rent.
{¶ 27} Ourania's complaint for forcible entry, "rent and damages" (emphasis added) alleged that Tom had "failed and refused to leave the marital home, and continue[d] to improperly reside" there, thereby interfering with her "peaceful and quiet enjoyment of the property." The complaint alleged that Tom had been living in the house "without right" since his father's death, had refused to pay rent, and should be ordered to "pay rent" in the amount of $1,000 "for every month [Tom] has lived in the marital home without permission." Tom's answer states he "owes no money to [Ourania] for rent or damages." (Emphasis added.)
{¶ 28} Ourania filed a motion for summary judgment on the question of liability, arguing that the only remaining issue to be resolved was the "fair market rental value of the house" for which she should be compensated. Tom filed a memorandum in opposition to Ourania's motion for summary judgment and his own motion for summary judgment. In both filings, Tom's arguments related only to whether rent was owed; he did not specifically assert that Ourania's complaint failed to seek any damages other than rent. Nor did he file a Civ.R. 12 motion that such a claim was not made.
{¶ 29} Generally, the Ohio Civil Rules require "notice pleading" rather than "fact pleading." Lisboa v. Tramer, 8th Dist. Cuyahoga No. 97526, 2012-Ohio-1549, 2012 WL 1142920, ¶ 27, citing Salamon v. Taft Broadcasting Co., 16 Ohio App.3d 336, 338, 475 N.E.2d 1292 (1st Dist.1984). Civ.R. 8(F) states that "[a]ll pleadings shall be so construed as to do substantial justice," and the rule " * * * emphasizes the fact that pleadings shall be construed liberally * * *." Crosby v. Beam , 47 Ohio St.3d 105, 110, 548 N.E.2d 217 (1989), citing Staff Notes to Civ.R. 8(F).
*82 {¶ 30} Notice pleadings merely require that a claim concisely set forth those operative facts sufficient to give "fair notice of the nature of the action." Oxford Sys. Integration, Inc. v. Smith-Boughan Mechanical Servs., 159 Ohio App.3d 533, 2005-Ohio-210, 824 N.E.2d 586, ¶ 9 (2d Dist.), citing DeVore v. Mutual of Omaha Ins. Co., 32 Ohio App.2d 36, 38, 288 N.E.2d 202 (7th Dist.1972) ; Civ.R. 8(A) and 8(E) ; Schroeder v. Henness , 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767, 2013 WL 3356564, ¶ 18. "[P]ursuant to the liberal pleading requirements of Civil Rule 8, the pleadings of the parties to an action need only be in general terms." Thompson Thrift Construction v. Lynn , 5th Dist., 2017-Ohio-1530, 89 N.E.3d 249, ¶ 87. Few complaints fail to meet the liberal pleading standards of Civ.R. 8. Smiley v. Cleveland , 8th Dist. Cuyahoga No. 103987, 2016-Ohio-7711, 2016 WL 6673178, ¶ 6.
{¶ 31} Although Ourania used the term "rent" at paragraphs 22 and 23 of her complaint (out of a total of 23 paragraphs), her complaint never alleged that there was a rental agreement or lease which she sought to enforce. Rather, she used to the term "rent" as a substitute for or interchangeably with "damages," and presented her claim for damages in terms of monthly compensation to which she claimed she was entitled for each month that Tom had remained in the residence. Construing these pleadings liberally, as we are required to do, I would hold that 1) Tom was on notice that Ourania wanted to be compensated for his continued presence in the home, and that Ourania pled a claim for damages for Tom's unlawful occupancy of her home and his interference with her right to exclusive occupancy of her home, and 2) because Tom did not present any evidence on the issue of such damages, the trial court erred in granting summary judgment to Tom on Ourania's claim for damages.