[Cite as *Johncol, Inc. v. Cardinal Concession Servs. L.L.C.*, 2017-Ohio-9031.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Johncol, Inc., d.b.a. Papa John's Pizza,    :

       Plaintiff-Appellee,        :

                  No. 17AP-337

v.                               :       (C.P.C. No. 16CV-996)

Cardinal Concession Services, L.L.C.,    :       (REGULAR CALENDAR)
d.b.a. Cardinal Concessions,

                                    :

       Defendant-Appellant.          :

                                    :

D E C I S I O N

Rendered on December 14, 2017

**On brief:** *Vorys, Sater, Seymour and Pease LLP, Jacklyn J. Ford*, and *Damien C. Kitte*, for appellee. **Argued:** *Damien C. Kitte.*

**On brief:** *Soroka and Associates, LLC, Roger Soroka, Joshua Bedtelyon*, and *Aaron Jones*, for appellee. **Argued:** *Aaron Jones.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Cardinal Concession Services, L.L.C., doing business as Cardinal Concessions, appeals the January 24 and April 10, 2017 judgments of the Franklin County Court of Common Pleas which granted summary judgment and prejudgment interest in favor of plaintiff-appellee, Johncol, Inc., d.b.a. Papa John's Pizza. For the reasons that follow, we affirm in part and reverse in part.

I. Facts and Procedural History

{¶ 2} Appellant is a limited liability company operated by Scott Nail. Appellant operates concession stands. Appellee is a Kentucky corporation which operates Papa John's Pizza franchises. These franchises are operated by Charles Burris. Appellee delivered pizzas to swimming pool concession stands run by appellant. Appellant then

sold pizza to its customers at an increased price. For pizzas delivered in 2013, appellant paid appellee $10,666.50 in June 2014. Appellee delivered pizzas to appellant in 2014 as well. The deliveries made from May 2014 to September 1, 2014 are the subject of this appeal.

{¶ 3} After making numerous unsuccessful attempts to secure payment, on January 29, 2016, appellee filed a complaint against appellant alleging appellant accepted but did not pay for pizzas delivered between May to September 1, 2014. The complaint included one count for an action on account and one count for unjust enrichment. Appellant filed an answer admitting pizzas were delivered but denying the amount appellee alleged was due, $25,079.25.

{¶ 4} On November 4, 2016, appellee filed a motion for summary judgment. Appellee alleged that the conduct of appellant and appellee established a contractual relationship between the parties, appellee had performed its obligations pursuant thereto by delivering pizza, and appellant had breached the contract for failing to pay for pizzas delivered between May and September 1, 2014. In the alternative, appellee alleged that in the absence of a contractual relationship, appellant was liable to appellee for payment of the pizzas pursuant to a theory of unjust enrichment. Appellee alleged it would be unjust for appellant to retain the products delivered without payment.

{¶ 5} Appellant filed a memorandum contra on November 18, 2016. Appellant conceded that appellee delivered pizzas and other food products during the alleged time period to appellant on account, but disputed there was a contract between the parties. Appellant stated that it "questions the accuracy of the accounts," "never explicitly admitted to owing $25,079.25 to [appellee], [and] [d]ue to the discrepancies with the accounts, invoices and receipts * * * has not paid the alleged total of $25,079.25." (Memo. Contra at 2.) Appellant argued the breach of contract claim failed because no contract existed and it was barred by the statute of frauds. Specifically, in this regard, appellant argued the statements of accounts and invoices provided by appellee did not contain a description of nor quantity of the products delivered. Appellant further argued the unjust enrichment claim failed because appellant was not aware of the benefit received. In this regard, appellant argued that appellee did not provide a proper account according to *Brown v. Columbus Stamping & Mfg. Co.*, 9 Ohio App.2d 123 (10th Dist.1967). Appellant finally stated that it "has taken the time to review the collection of receipts provided

through the discovery process," that they "contain various names not recognizable to [appellant], illegible signatures with no printed name on some receipts, multiple signatures on some receipts, and what is most troubling, some receipts with absolutely no signatures or printed names. Thus, there are discrepancies of who signed the receipts and accepted the pizzas and/or food products when they were delivered from [appellee] to the area where [appellant] operates its concessions." (Memo. Contra at 8-9.) Appellant complains that appellee did not attach to its motion for summary judgment any of the receipts. However, appellant did not attach any of the allegedly deficient receipts to its memorandum contra.

{¶ 6} On January 24, 2017, the trial court filed a decision granting the motion for summary judgment in favor of appellee. The trial court found the evidence submitted by appellee adequately proves an account due and owing for $25,079.25. It further found appellant's response constituted "vague and unsupported statements" not sufficient to oppose summary judgment. (Decision at 3.) Finally, the court rejected appellant's statute of fraud's argument as this action did not involve a contract for the sale of goods for more than $500, but, rather, a series of smaller transactions between the parties, with no transaction totaling $500 or more. The court ordered appellee to submit a proposed judgment entry.

{¶ 7} Appellee submitted a proposed judgment entry and appellant objected to the same arguing that appellee's proposed date to begin calculating prejudgment interest, September 1, 2014, is not supported by the evidence presented, nor the prior business dealings between the parties. Appellant argued the interest should apply from the date on which the debt was due to be paid, not the day the debt was initially incurred. In support of this argument, appellant pointed to: (1) the nature of an action on account, which essentially requires payment at a later date, (2) the invoices presented by appellee which were dated September 30, 2016 and stated "payable upon receipt," (3) the past business dealings of the parties whereby appellant did not pay for pizzas received in 2013 until June 2014, and (4) receipts presented by appellee to appellant, some of which specified the payment was on account and some which stated the balance due at the time of delivery was $0. Appellant urged the court to consider the prior course of dealing between the parties and to make a determination "of when the Parties reasonably would have believed the debt to have become 'due and payable.' " (Objs. at 4.) Appellee filed a

response arguing it was entitled to prejudgment interest, pursuant to R.C. 1343.03(A), and that it proposed September 1, 2014 as the accrual date to alleviate the need to calculate interest on hundreds of debts with start dates throughout summer 2014. Appellee also points out the statements of accounts list the due date as the date of delivery. Finally, appellee argued it is disingenuous for appellant to take advantage of its "courteous" gesture of receiving the payment for delivered 2013 pizzas one year later in June 2014 and that such gesture did not alter the date of payment for subsequent transactions. (Response at 3.)

{¶ 8}  On April 10, 2017, the trial court filed a judgment entry granting judgment in favor of appellee for $25,079.25 and ordered appellant to pay appellee prejudgment interest "at the rate allowed by law calculated beginning on September 1, 2014, which represents the latest due date on the invoice statements attached as Exhibit A to [appellee's] Complaint." (Jgmt. Entry at 1.)

## II.  Assignments of Error

{¶ 9}  Appellant appeals and assigns the following two assignments of error for our review:

> [I.] THE TRIAL COURT ERRORED [sic] BY GRANTING SUMMARY JUDGMENT WHERE A GENUINE DISPUTE OF MATERIAL FACT REMAINS.

> [II.] THE TRIAL COURT ERRORED [sic] BY ORDERING PREJUDGMENT INTEREST TO ACCURE [sic] BEGINNING ON SEPTEMBER 1, 2014.

## III.  Discussion

### A.  First Assignment of Error - Summary Judgment

{¶ 10} In its first assignment of error, appellant argues the trial court erred in granting summary judgment in favor of appellee because: (1) appellee's motion for summary judgment did not demonstrate all the essential elements of a breach of contract claim as is required for an action on account, and (2) because Nail's affidavit and evidence submitted in opposition to the motion for summary judgment were sufficient to meet the reciprocal burden.

{¶ 11} Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action,

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Accordingly, summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the non-moving party.  *Harless v. Willis Day Warehousing Co., Inc.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 12} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim."  *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  " 'The requirement that a party seeking summary judgment disclose the basis for the motion and support the motion with evidence is well founded in Ohio law.' "  *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997), quoting *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988).  Thus, the moving party may not fulfill its initial burden simply by making a conclusory assertion that the non-moving party has no evidence to prove its case.  *Dresher* at 293.

{¶ 13} Rather, the moving party must support its motion by pointing to some evidence of the type set forth in Civ.R. 56(C), which affirmatively demonstrates that the non-moving party has no evidence to support the non-moving party's claims.  If the moving party has satisfied its initial burden under Civ.R. 56(C), then "the nonmoving party * * * has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."  *Id.*

{¶ 14} Civ.R. 56(E) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶ 15} "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party."  *Welco*

*Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346 (1993), citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356 (1992). "Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion." *Hannah v. Dayton Power & Light Co.*, 82 Ohio St.3d 482, 485 (1998), citing *Turner v. Turner*, 67 Ohio St.3d 337, 341 (1993).

{¶ 16} "An account is an unsettled claim or demand by one person against another, based upon a transaction creating a debtor and creditor relation[ship] between the parties." (Internal quotations omitted.) *Benchmark Contrs., Inc. v. Southgate Mgt., LLC*, 10th Dist. No. 13AP-390, 2014-Ohio-1254, ¶ 38, quoting *Gray Printing Co. v. Blushing Brides, L.L.C.*, 10th Dist. No. 05AP-646, 2006-Ohio-1656, ¶ 21, quoting *Am. Sec. Serv., Inc. v. Baumann*, 32 Ohio App.2d 237, 242 (10th Dist.1972). "[T]he cause of action exists only as to the balance that may be due one of the parties as a result of the series of transactions." (Internal quotations omitted.) *Id*. "An action on an account is 'founded upon contract' and constitutes a breach of contract claim." *Id.*, quoting *Oxford Sys. Integration, Inc. v. Smith-Boughan Mechanical Servs.*, 159 Ohio App.3d 533, 2005-Ohio-210, ¶ 16 (2d Dist.). "The purpose of an action on an account is to avoid the multiplicity of suits necessary if each transaction between the parties (or item on the account) would be construed as constituting a separate cause of action." (Internal quotations omitted.) *Citibank, N.A. v. Hyslop*, 10th Dist. No. 12AP-885, 2014-Ohio-844, ¶ 9, quoting *Citibank (South Dakota), N.A. v. Lesnick*, 11th Dist. No. 2005-L-013, 2006-Ohio-1448, ¶ 8, quoting *Baumann* at 242.

{¶ 17} The elements of a prima facie case for money owed on an account are as follows:

> [T]he existence of an account, including that the account is in the name of the party charged, and it must also establish (1) a beginning balance of zero, or a sum that can qualify as an account stated, or some other provable sum; (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items that permits the calculation of the amount claimed to be due.

*Hyslop* at ¶ 10, quoting *Dept. Stores Natl. Bank v. McGee*, 7th Dist. No. 12 MA 103, 2013-Ohio-894, ¶ 16.

{¶ 18} In *Brown*, this court stated that, to establish a prima facie case in an action to recover on an account, the following "fundamentals" must be present:

> An account must show the name of the party charged. It begins with a balance, preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum. Following the balance, the item or items, dated and identifiable by number or otherwise, representing charges, or debits, and credits, should appear. Summarization is necessary showing a running or developing balance or an arrangement which permits the calculation of the balance claimed to be due.

*Brown* at 126. Since *Brown*, we have clarified the requirements to adequately plead and prove an account. In *Hudson & Keyse, L.L.C. v. Carson*, 10th Dist. No. 07AP-936, 2008-Ohio-2570, we stated, "[i]t is not necessary that every transaction between the parties be included." *Id.* at ¶ 13, modifying *Brown*. *See also Wolf Automotive v. Rally Auto Parts, Inc.*, 95 Ohio App.3d 130 (10th Dist.1994) (concluding that, although the account did not start at a zero balance, it showed debits and credits that allowed the court to determine the total claimed to be due and owing); *Am. Express Travel Related Servs. v. Silverman*, 10th Dist. No. 06AP-338, 2006-Ohio-6374 (finding that four years of credit card statements, two affidavits, and a copy of the cardholder's agreement constituted adequate evidence to establish an account, since it was an "unreasonable burden" for the plaintiff to provide 30 years of statements). We have also stated a copy of a ledger sheet, or an accounts receivable record, will ordinarily meet the requirements of an account. *Brown* at 126.

{¶ 19} Appellant argues appellee did not establish its burden on summary judgment because it presented no evidence that delivery of pizza actually happened. Appellant points to the absence of signed receipts presented by appellee along with the motion. Appellant also suggests several different ways appellee could have presented evidence of delivery.

{¶ 20} Attached to appellee's motion for summary judgment is an affidavit of Charles Burris. (Ex. A.) Burris averred that beginning May 2014 to September 1, 2014, appellee delivered pizzas to appellant on account and appellant failed to pay for the

products. Burris averred the exhibits attached to his affidavit were true and accurate copies of: (1) the statements of accounts (Ex. A2), (2) invoices sent from appellee to appellant (Ex. A3), and (3) correspondences between representatives of appellee and Nail regarding deliveries made from May to September 1, 2014, and the amount due of $25,079.25. Burris averred the information contained in exhibits A2 and A3 were kept in the course of a regularly conducted business activity and it was a regular practice of appellee to create records comprising the documents. Also attached to appellee's motion is a copy of appellant's responses to appellee's first set of requests for admission. (Ex. B.) In response to appellee's first set of requests for admission, appellant admitted, inter alia, to the following: (1) appellant received product "on account" from appellee from May to September 1, 2014, and (2) appellant has not paid for any products received from appellee after June 23, 2014. Appellant denied, inter alia, the following: (1) that the statements of accounts accurately describes deliveries to appellant of product on the dates specified in the statements of accounts, (2) that appellant owes $25,079.25, and (3) that appellant failed to pay for product delivered to it by appellee.

{¶ 21} Appellee's exhibit A2 consists of 11 documents titled "Customer Open Balance All Transactions." Each document is titled with the name of a different swimming pool. Each document has the date "10/02/15" in the upper left corner with a time of day which appears to indicate the date and time the document was printed or created. Each document is divided into seven columns titled as follows: type, date, number, memo, due date, open balance, and amount. In the type column, each entry states "invoice." In the date column, each entry lists a date between May 2014 and September 1, 2014. Some of the entries suggest that multiple deliveries were made on the same day. In the number column, each entry states a ten-digit number. There is no explanation on the document regarding what these ten-digit numbers represent. The memo column is entirely blank. In the due date column, each entry lists a date which corresponds to the same date in the date column. In the open balance column, each entry lists a dollar amount. In the amount column, each entry lists a dollar amount which is equal to the dollar amount in the open balance column. The open balance column does not begin with zero. Neither column has a running balance nor summarization of all the entries in the amount column. However, the final entry in both the open balance column

and the amount column, designated "total," is the total amount that the particular swimming pool allegedly owes.

{¶ 22} Appellee's exhibit A3 consists of 11 invoices. Each invoice states "Bill to Cardinal Concessions Attn. Scott Nail" and lists the name of a different swimming pool. Each statement is dated "9/30/2016" and states "due on receipt," and each document indicates that the invoice is "over 90 days past due." Each invoice has four columns titled as follows: date, description, amount, and balance. The date column on each invoice contains one date: "8/31/2016." The description column on each invoice contains the statement "balance forward." The amount column on each statement is entirely blank. The balance column on each statement contains one amount which is equal to the "amount due" at the bottom of the column. The amount listed under amount due for each individual pool is equal to the total amount listed for the same pool on the statements contained in appellee's exhibit A2. These amounts totaled equal $25,079.25.

{¶ 23} We find appellant has established a prima facie case for money owed on an account. Appellant is correct that the statements of accounts and the invoices lack a description of the product delivered and accepted. The ten-digit numbers on the statements of accounts are not explained thereon and do not correspond to any numbers on the invoices included in exhibit A3. However, the Burris affidavit indicates the statements of accounts is for "pizzas and other products provided by Johncol to Cardinal from May of 2014 and continuing thereafter until September 1, 2014, for which Cardinal has not paid." (Burris Aff. at ¶ 8.) Furthermore, although the statements of accounts do not begin with zero or contain a summarization or running balance, the arrangement of the entries and the itemization permits the calculation of the total amount claimed to be due. The total amount claimed to be due is the same as that averred by Burris, stated on the statements of accounts and in the invoices. Appellant has met its initial burden on summary judgment.

{¶ 24} Appellant argues that if this court decides that appellee did meet its burden, then the trial court erred when it determined that appellant did not meet its reciprocal burden to defeat summary judgment and that Nail's affidavit, as well as the unsigned and unverified receipts presented by appellant, did not suffice. Appellant then argues again that appellee did not establish its burden because it presented no evidence that delivery actually happened and suggests several different ways appellee could have presented

evidence of delivery.   (*See* appellant's brief at 11: "Appellee could have presented testimony of delivery drivers who delivered the alleged orders, could have supplied the names of the drivers who delivered the orders, or provided the names of the individual who accepted the order on behalf of Appellant.")   Appellant also argues the e-mail correspondence between the parties does not establish that appellant agreed on the amount of payment due.

{¶ 25} Appellant attached to the memorandum contra the affidavit of Scott Nail (Defendant's Ex. B) in which Nail averred the arguments outlined in the memorandum contra and the legal conclusion that the statements of accounts is "not a proper statement of account."   (Nail Aff. at ¶ 6.)   Nail generally averred that appellant "disputes the accuracy and validity of the transactions and invoices attached to [Appellee's] Motion for Summary Judgment."   (Nail Aff. at ¶ 8.)   Nail did not specifically dispute any of the transactions and, as noted above, he did not include any of the allegedly deficient receipts.

{¶ 26} In addition to these attachments, appellant attached copies of the complaint (Def.'s Ex. A) copies of the statements of accounts already submitted by appellee (Def.'s Ex. C), the invoices already submitted by appellee (Def.'s Ex. D) as well as a copy of appellee's second set of requests for admission partially completed by appellant (Def.'s Ex. E).

{¶ 27} We disagree with appellant that it met the reciprocal burden to defeat summary judgment.   Nail's affidavit is not sufficient to establish a genuine issue of material fact.   It contains general denials and conclusions of law but no specific or particular denial of the facts established by appellee.   Furthermore, although appellant refers numerous times to the receipts provided in discovery, it did not present the same as part of its memorandum contra appellee's motion for summary judgment.   Therefore, pursuant to Civ.R. 56(E), summary judgment shall be accorded to appellee.

{¶ 28} Accordingly, we overrule appellant's first assignment of error.

**B. Second Assignment of Error - Prejudgment Interest**

{¶ 29} In its second assignment of error, appellant argues that should this court determine summary judgment is appropriate, prejudgment interest should not begin to accrue on September 1, 2014.   Appellant states: "Due is defined as 'owed or owing as a debt ... having reached the date at which payment is required."   Appellant further states "payable is defined as, 'requiring to be paid ... specifying payment amount to a particular

payee, at a specified time or occasion, or in a particular manner.' "  (Appellant's Obj. to Prejudgment Interest at 2, citing *RPM, Inc. v. Oatey Co.*, 9th Dist. No. 3282, 2005-Ohio-1280, ¶ 68.)

{¶ 30} Appellant argues the interest should only be applied from the date on which the debt was due to be paid, not the date the debt was initially incurred.  Appellant points out the invoices in appellee's exhibit A3 are dated August 31, 2016 and state debt is "payable upon receipt."  Appellant argues it would defeat the purpose of making purchases on account if the amount owed was due on the date it was incurred.  Appellant also argues that while the statements of accounts entries in appellee's exhibit A2 indicate the due date for each alleged transaction was the same day the transaction allegedly occurred, there is absolutely no evidence these account statements were sent to appellant at any point prior to commencement of litigation.

{¶ 31} In response, appellee argues it used September 1, 2014 as the start date for all prejudgment interest because it is the last date on which appellee provided appellant with pizza and, thus, the last possible date on which interest could have begun to accrue. In so doing, appellee suggests it has, thus, alleviated the need to calculate interest on hundreds of debts with start dates throughout summer 2014.

{¶ 32} The Supreme Court of Ohio has explained prejudgment interest "acts as compensation and serves ultimately to make the aggrieved party whole."  *Royal Elec. Constr. Corp. v. Ohio State Univ.*, 73 Ohio St.3d 110, 117 (1995).  R.C. 1343.03(A) provides, in part:

> In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, * * * the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.

{¶ 33} Prejudgment interest compensates a plaintiff for the period of time between accrual of the claim and judgment, regardless of whether the judgment is based on a liquidated or unliquidated claim and even if the sum due was not capable of ascertainment until determined by the court.  *Royal Elec.* at syllabus.  Once a plaintiff

receives judgment on a contract claim, the trial court has no discretion but to award prejudgment interest under R.C. 1343.03(A). *First Bank of Marietta v. L.C. Ltd.*, 10th Dist. No. 99AP-304 (Dec. 28, 1999).

{¶ 34} The only issue for resolution by a trial court with respect to prejudgment interest under R.C. 1343.03(A) is how much interest is due. *Zunshine v. Cott*, 10th Dist. No. 06AP-868, 2007-Ohio-1475, ¶ 26, citing *Dwyer Elec., Inc. v. Confederated Builders, Inc.*, 3rd Dist. No. 3-98-18 (Oct. 29, 1998). The trial court must make factual determinations as to when interest commences to run, based on when the claim became due and payable, and as to what legal rate of interest applies. *Id.* Thus, although the right to prejudgment interest on a contract claim is a matter of law, pursuant to R.C. 1343.03(A), the amount awarded is based on the trial court's factual determinations of the accrual date of the plaintiff's claim and the applicable interest rate. *First Bank of Marietta*, citing *Royal Elec.* at 115. Courts of Appeals review such factual determinations under an abuse of discretion standard. *Dwyer Elec.*; *Miller v. Lindsay-Green, Inc.*, 10th Dist. No. 04AP-848, 2005-Ohio-6366, ¶ 107. Abuse of discretion implies that the court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 35} " '[W]here money becomes due under a contract, interest accrues from the time that the money due *should have been paid*.' " (Emphasis sic.) *Bell v. Teasley*, 10th Dist. No. 10AP-850, 2011-Ohio-2744, ¶ 27, quoting *Gates v. Praul*, 10th Dist. No. 10AP-784, 2011-Ohio-6230, ¶ 2, citing *Braverman v. Spriggs*, 68 Ohio App.2d 58 (10th Dist.1980). However, the Supreme Court has "specifically and clearly declined to establish a bright-line rule regarding the accrual date of prejudgment interest but rather left such a determination to the trial courts on a case-by-case basis." *Miller v. Gunckle*, 96 Ohio St.3d 359, 2002-Ohio-4932, fn. 4, citing *Landis v. Grange Mut. Ins. Co.*, 82 Ohio St.3d 339 (1998). *See also Parrish v. Coles*, 10th Dist. No. 06AP-696, 2007-Ohio-3229, ¶ 69.

{¶ 36} In its judgment entry, the trial court stated it had reviewed appellant's objections to appellee's request for prejudgment interest and appellee's memorandum contra. The court then concluded, without making any specific findings, that "[u]pon review of these filings, the Court finds that [appellant's] objections are not well-taken, and are hereby **DENIED**." (Emphasis sic.) (Jgmt. Entry at 1.) The court entered judgment in

favor of appellee "plus pre-judgment interest at the rate allowed by law calculated beginning on September 1, 2014, which represents the latest due date on the invoice statements attached as Exhibit A to [appellee's] Complaint filed in this action." (Jgmt. Entry at 1.)

{¶ 37} The trial court did not provide an explanation as to how it arrived at the September 1, 2014 accrual date, nor make factual determinations regarding when the money for pizzas should have been paid.  Without the benefit of any specific factual determinations set forth in the trial court's decision, we are unable to find that an award of prejudgment interest utilizing a September 1, 2014 accrual date is supported by the record.  As a result, we find the trial court abused its discretion.

{¶ 38} Accordingly, we sustain appellant's second assignment of error.  Although we find an award of prejudgment interest to be proper, on remand, the trial court must factually determine when the money was due and payable and, thus, when the prejudgment interest should begin to run.

## IV. Conclusion

{¶ 39} For the foregoing reasons, we overrule appellant's first assignment of error and sustain its second assignment of error.  We affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings relating only to the issue of prejudgment interest, consistent with law and this decision.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded with instructions.*

TYACK, P.J., and HORTON, J., concur.