[Cite as *State v. Huelsman*, 2023-Ohio-649.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Appellee | : | C.A. No. 2022-CA-21 |
| v. | : | Trial Court Case No. 2022 TRD 03920 |
| EDWARD B. HUELSMAN | : | (Criminal Appeal from Municipal Court) |
| Appellant | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on March 3, 2023

· · · · · · · · · · ·

JONATHAN B. FREEMAN, Attorney for Appellee, City of Tipp City

EDWARD B. HUELSMAN, Appellant, Pro Se

· · · · · · · · · · · ·

WELBAUM, P.J.

{¶ 1} This matter is before the court on the pro se appeal of Defendant-Appellant, Edward B. Huelsman, from his conviction on a charge of driving without a license, a first-degree misdemeanor. Huelsman has submitted a brief that fails to conform in any fashion with App.R. 16(A) and, in fact, appears to be in the nature of a civil complaint

brought against the prosecutor. From what we can glean from the brief, Huelsman appears to be contending that the trial court lacked personal and subject matter jurisdiction over him because he is a sovereign citizen and is not subject to the laws of Ohio.

{¶ 2} For the reasons discussed below, Huelsman's arguments are without merit. Accordingly, the judgment of the trial court will be affirmed.

I. Facts and Course of Proceedings

{¶ 3} On June 6, 2022, Officer Phillip Osting of the Tipp City, Ohio Police Department filed a Uniform Traffic Ticket (complaint) in Miami County Municipal Court, charging Huelsman with driving under suspension, a violation of R.C. 4510.11. On June 8, 2022, Huelsman filed an answer, stating that "I choose not to contract with you." This was written on a copy of the traffic ticket and bore the following notarized signature, "UCC1-207 Edward B Huelsman."

{¶ 4} At the arraignment on June 14, 2022, Huelsman pled not guilty and was given an own recognizance bond. The case was assigned for a pretrial conference to be held on July 14, 2022, and was then scheduled for trial on August 11, 2022. On August 9, 2022, Huelsman filed a Demand for a Verified Complaint of Injured Party or Motion to Quash Defective Citation for Lack of Jurisdiction, if Verified Complaint is Not Timely Filed ("Demand"). The gist of the Demand was that the Uniform Traffic Ticket filed in court was insufficient to constitute a verified complaint, which Huelsman alleged must be filed. In a separate document, Huelsman announced his renunciation of citizenship in the

United States and its "government, a corporation." Act of Expatriation and Oath of Allegiance (Aug. 9. 2022), p. 1.

{¶ 5} On August 10, 2022, the State responded to Huelsman's Demand, noting that the court had jurisdiction over the offense, which was committed in Miami County. The State further stressed that courts had rejected "sovereign citizen" defenses as frivolous, and that Traf.R. 3(A) designated the Ohio Uniform Traffic Ticket as the complaint and summons, meaning no verification was required. The trial court denied Huelsman's motion on August 11, 2022, and also tried the case on that date.

{¶ 6} The court found Huelsman guilty of driving under suspension, imposed a fine of $25 and costs, and sentenced Huelsman to 10 days in jail. On August 15, 2022, Huelsman filed what he called a "motion for appeal," which we construe as a notice of appeal. We note that Huelsman failed to provide a copy of the trial transcript for purposes of this appeal.

## II. Discussion

{¶ 7} As noted, Huelsman's brief failed to comply with App.R. 16(A), which contains various requirements for briefs, including: "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected"; "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates"; "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule"; and "(7) An argument containing the contentions

of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Where an appellant fails to comply with these requirements, App.R. 12(A)(2) allows us to disregard a party's assignments of error. *E.g., State v. Mize*, 2022-Ohio-3163, 195 N.E.3d 574, ¶ 77 (2d Dist.).

{¶ 8} Of course, here, Huelsman has not even asserted an assignment of error; he has filed what appears to be a complaint against the State. In responding to Huelsman's brief, the State interprets the brief as raising the issue that as a sovereign citizen, Huelsman is beyond the State's jurisdiction, both personally and in terms of subject matter jurisdiction. We agree, and even if we were to consider Huelsman's arguments, they are without merit.

{¶ 9} We have rejected similar arguments on numerous occasions. In *Village of St. Paris v. Galluzzo*, 2d Dist. Champaign No. 2014-CA-4, 2014-Ohio-3260, we noted that:

> Generally, all Ohio courts have jurisdiction over violations of Ohio law occurring in Ohio. *See* R.C. 2901.11(A). More to the point, municipal courts have jurisdiction over misdemeanor offenses.
>
> Pursuant to R.C.1901.20, "The municipal court has jurisdiction of the violation of any ordinance of any municipal corporation within its territory * * * and of the violation of any misdemeanor committed within the limits of its territory."

*Id.* at ¶ 11.

{¶ 10} Under R.C. 1901.02(B), "The Miami county municipal court has jurisdiction within Miami county and within the part of the municipal corporation of Bradford that is located in Darke county." The traffic violation involved in this case occurred in Tipp City, which is located within Miami County. *See* R.C. 1901.021(F)("[a]t least one of the judges of the Miami county municipal court shall sit within the municipal corporations of Troy, Piqua, and Tipp City, and the judges may sit in other incorporated areas of Miami county").

{¶ 11} The violation involved here was of R.C. 4510.11(A), which prohibits persons whose drivers' licenses have been suspended from operating "any motor vehicle upon the public roads and highways or upon any public or private property used by the public for purposes of vehicular travel or parking within this state during the period of suspension * * *." This is a misdemeanor of the first degree, over which the municipal court has jurisdiction. *See* R.C. 4510.11(D)(1) and R.C. 1901.20. Thus, the trial court had subject matter jurisdiction over this case.

{¶ 12} In the trial court, Huelsman argued that the traffic ticket issued to him and filed in court was defective because it was not a "verified complaint." This was a frivolous argument, as "[i]n traffic cases, the complaint and summons shall be the 'Ohio Uniform Traffic Ticket' * * *." Traf.R. 3(A). This is what was filed here. Furthermore, the authority Huelsman cited as authority for a "verified complaint" was taken from California law, which obviously does not apply here. *See* Demand, p. 2-3, citing Cal. Penal Code 740 and 853.9.

{¶ 13} As to personal jurisdiction, Huelsman did not argue in the trial court that he was not properly served with a copy of the citation. Instead, his argument was based on

the lack of a verified complaint. Tangentially, he did renounce his citizenship.

{¶ 14} On appeal, Huelsman appears to raise his rights as a sovereign citizen (while not using that term specifically) by referring to himself as a "State American National/Man of Flesh" and claiming, "It has been established by the United States Supreme Court[,] Licensing and Registration of a 'Private American State National,' 'Ohioan' has never been required and the Courts [sic] and State practices of enforcement is [sic] a violation of the Organic United States of America and rights of the 'People.' " Appellant's Brief at p. 4.

{¶ 15} Again, we "have previously described an argument made on these grounds as 'wholly frivolous.' " *Galluzzo*, 2d Dist. Champaign No. 2014-CA-29, 2015-Ohio-3385, at ¶ 47, quoting *State v. Few*, 2d Dist. Montgomery No. 25969, 2015-Ohio-2292, ¶ 6. In *Few*, we remarked that: "[a]s noted by the Southern District of Ohio in *DuBose v. Kasich*, S.D. Ohio No. 2:11-CV-00071, 2013 WL 164506 (Jan. 15, 2013), *3, 'sovereign citizen theories * * * involve the alleged corporate status of Ohio and the United States; the relationship between the yellow fringe on the United States flag and admiralty jurisdiction; and the effect of capitalizing the letters of his name. Plaintiff ultimately maintains that he does not have a contract with either Ohio or the United States and, therefore, does not have to follow government laws. * * * [F]ederal courts have routinely recognized that such theories are meritless and worthy of little discussion.' " (Citations omitted.) *Id.* at ¶ 6.

{¶ 16} Accordingly, there is no merit to Huelsman's arguments, and the judgment of the trial court is affirmed.

. . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.