[Cite as *Capital One, N.A. v. Campbell*, 2026-Ohio-1.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| CAPITAL ONE, N.A. | : | |
| | : | C.A. No. 30577 |
| Appellee | : | |
| | : | Trial Court Case No. 24CVF02172 |
| v. | : | |
| | : | (Civil Appeal from Municipal Court) |
| DAVE R. CAMPBELL SR. | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| Appellant | : | **OPINION** |
| | : | |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on January 2, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

ROBERT G. HANSEMAN, JUDGE

TUCKER, J., and HUFFMAN, J., concur.

OPINION

MONTGOMERY C.A. No. 30577


DAVE R. CAMPBELL, SR., Appellant, Pro Se
JACKSON T. MOYER and THOMAS R. MYERS, Attorneys for Appellee


HANSEMAN, J.

{¶ 1} This case is before us on the pro se appeal of Defendant-Appellant, Dave Campbell, Sr., from a summary judgment order entered on behalf of Plaintiff-Appellee, Capital One, N.A. ("Capital"). Campbell failed to provide any assignments of error, in violation of App.R. 16(A). However, from reading Campbell's brief, we construe his claims to be that the trial court erred in these ways: (1) by denying all of his motions; (2) by failing to state reasons for denying evidence that he tried to enter; and (3) by denying him due process of law. Campbell also argues that Capital failed to provide discovery as required by Civ.R. 26. Finally, Campbell appears to contend the court erred in granting summary judgment to Capital.

{¶ 2} For the reasons that follow, we find no error or plain error occurred in the trial court. We also find that Campbell's defenses and counterclaim against Capital were purely frivolous. Accordingly, we affirm the judgment of the trial court.

I. Facts and Course of Proceedings

{¶ 3} On September 20, 2024, Capital filed a complaint against Campbell in Vandalia Municipal Court, alleging that Campbell owed $7,671.42 due to non-payment on a credit card account Capital had issued. Attached to the complaint was Campbell's statement for a billing cycle from December 21, 2023, through January 20, 2024. The prior balance was $7,483.33, no payments had been made, and the current balance of $7,671.42 (which included interest of $188.09), was then due. After service of the complaint was returned

2

unclaimed, Capital requested ordinary mail service, which was sent on November 22, 2024, to Campbell at the address listed on the complaint.

{¶ 4} On November 26, 2024, Campbell, representing himself pro se, filed a document with the court that was titled "Motion to Enter Evidence into Case" ("Motion to Enter Evidence"). While this document was not labeled as an answer or counterclaim, Campbell alleged Capital was in breach of contract for failing to credit his account with $28,455.42 of what he called "bills of exchange" that he sent to Capital. To support this proposition, Campbell cited various sections of the Ohio Uniform Commercial Code as well as "the bill of exchange act of 1882." Motion to Enter Evidence, p. 2. Campbell also alleged in this "motion" that he was an agent and "attorney in fact" for himself. *Id*. at p. 3.

{¶ 5} On the same day, Campbell filed a "Notice to Claim Equity with Clean Hands and to Seek Equitable Relief" ("Notice"), to which he attached various documents like a "Credentials Card from the Ohio Assembly Land and Soil Jurisdiction" and a document in which he claimed to be a grantor of a "Cestui Que Vie TRUST." In the Notice, Campbell denied being a "sovereign citizen" and listed several violations Capital had allegedly committed, like violating his rights under 42 U.S.C. 1983, securities fraud, restraint of trade, and so forth.

{¶ 6} On December 2, 2024, Campbell filed several more motions, including a motion for discovery, a motion to seek treble damages, a "motion" for counterclaim (in which alleged various wrongful acts on Capital's part, such as refusing to credit his accounts after he provided bills of exchange, negligence causing him damages like major depressive disorder, theft, and securities and exchanges fraud), a motion to enter "adverse action letters" into the case (which were allegedly used to deny him credit), and a motion to "amend" evidence.

3

{¶ 7} On December 13, 2024, Capital filed a notice stating that it had served a combined request for admissions, interrogatories, and request for production of documents on Campbell. Subsequently, on December 17, 2024, Campbell filed a motion for summary judgment on Capital's claim and on his counterclaim. This, again, was based on Campbell's alleged payment of his account with bills of exchange. However, Campbell failed to attach an affidavit or any authenticated documents to the motion. On December 20, 2024, Capital filed a reply to the counterclaim and asserted various affirmative defenses.

{¶ 8} On January 7, 2025, Campbell filed more documents, including a motion to compel Capital to disclose discovery and a motion to strike Capital's "dismissal for defendant's counterclaim." The latter motion was based on the Cestui Que Vie Act of 1666, the Bill of Exchange Act, and other grounds. Capital responded to the motion to compel on January 15, 2025, stressing that the court had extended its time to reply to discovery and that it intended to comply with the deadline, which had not yet passed. Capital also filed a motion to strike Campbell's summary judgment motion because it had not been timely served and the parties were still engaging in discovery. The magistrate then set a pretrial conference for February 24, 2025. Before the conference was held, Campbell filed a second summary judgment motion. In response, Capital filed another motion to strike, noting Campbell failed to attach any evidence that conformed with Civ.R. 56.

{¶ 9} After holding the pretrial conference, the magistrate granted the parties leave to file dispositive motions by April 11, 2025, ordered Campbell to make initial discovery disclosures to Capital under Civ.R. 26(B)(3) by March 10, 2025, and set trial for July 14, 2025. The magistrate then filed an order denying both of Campbell's summary judgment motions because they were not supported by any evidentiary materials of the kind required by Civ.R. 56(C). In addition, the magistrate overruled the remaining motions that Campbell

had filed. Magistrate's Order (Feb. 25, 2025), p. 1-2. On March 6, 2025, Campbell asked the magistrate to reconsider its order.

{¶ 10} In early March 2025, Campbell also filed several more documents, including an unsworn "letter of declaration and affirmation," a motion to compel further discovery responses, a motion "to enter the card member agreement into evidence" as Exhibit G-1, and a notarized "letter of declaration and affirmation." After Capital filed a response, the magistrate denied all of Campbell's motions, including his request for reconsideration. Magistrate's Order (Apr. 1, 2025). Capital then filed its summary judgment motion on April 8, 2025. The same day, the magistrate filed an order giving Campbell 28 days to respond to the summary judgment motion.

{¶ 11} On April 11, 2025, Campbell filed a "corrected" motion to enter a state of facts, which again was not accompanied by any affidavits or evidence. Campbell then, on May 14, 2025, filed a motion to appeal the magistrate's decision. However, the magistrate had not yet made a summary judgment decision, other than to allow Campbell the 28-day response time. Further, to the extent the motion referenced discovery orders, the time had already expired for seeking to set the magistrate's April 1, 2025 order aside. *See* Civ.R. 53(D)(2)(b).

{¶ 12} In any event, Campbell never responded to the summary judgment motion, and on July 11, 2025, the trial court entered summary judgment on Capital's behalf and dismissed Campbell's counterclaim with prejudice. *See* Judgment Entry as to Defendant, Dave R. Campbell, Sr. (July 11, 2025) ("Judgment Entry"). Campbell timely appealed from the judgment.

## II. Discussion

{¶ 13} As a preliminary point, we again note that Campbell's brief failed to conform to App.R. 16(A). In pertinent part, the rule mandates: "(3) A statement of the assignments of

5

error presented for review, with reference to the place in the record where each error is reflected"; "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates"; "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule"; and "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

{¶ 14} "Where an appellant fails to comply with these requirements, App.R. 12(A)(2) allows us to disregard a party's assignments of error." *State v. Huelsman*, 2023-Ohio-649, ¶ 7 (2d Dist.), citing *State v. Mize*, 2022-Ohio-3163, ¶ 77 (2d Dist.). We may also choose to consider error in the interests of justice. *E.g., Ransom v. Aldi, Inc.*, 2017-Ohio-6993, ¶ 23 (2d Dist.).

{¶ 15} While Campbell is representing himself pro se, his status is irrelevant. "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Yocum v. Means*, 2002-Ohio-3803, ¶ 20 (2d Dist.), citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 (8th Dist. 1996). A pro se litigant "'cannot expect or demand special treatment from the judge, who is to sit as impartial arbiter.'" *Id.*, quoting *Kilroy* at 363. Nonetheless, in the interests of justice, we consider Campbell's arguments to the extent they can be deciphered. We begin with Campbell's three initial assertions, which concern the court's denial of Campbell's motions, failure to state reasons for denying evidence Campbell tried to enter, and denial of due process of law. These assertions are properly classified as procedural matters.

A. Procedural Issues

{¶ 16} Concerning the first three points, we find no error on the trial court's part. None of Campbell's "motions" had merit. Most involved Campbell's assertion of convoluted and plainly frivolous arguments. Specifically, when Campbell received billing statements from Capital, he returned the payment stub to Capital with various notations that he inserted, like "accepted for deposit"; "payable to bearer" above his name and address on the payment stub; and a notation that he was paying the entire amount due on the line for "amount enclosed," when actually he sent no payment. *See, e.g.*, Ex. 3(C) attached to Motion to Enter Evidence. In essence, Campbell claimed Capital's stub was actually tendering him payment for charges he had incurred using the credit card Capital issued. As noted, this claim was based on the Bills of Exchange Act and the Cestui Que Vie Act of 1666.

{¶ 17} Very little authority exists in Ohio regarding the Bills of Exchange Act. However, in 1915, the Supreme Court of Ohio remarked that "[i]n 1902 the Legislature of Ohio passed the Negotiable Instruments Act. It follows generally the English bills of exchange act, and is substantially like the act adopted by practically all the states of the Union." *Elyria Sav. & Banking Co. v. Walker Bin Co.*, 92 Ohio St. 406, 408 (1915). Thus, Campell's "theory" is based on English legislation that has no effect here. Courts in other jurisdictions have found citation to the Bills and Exchange Act of 1882 "legally frivolous on its face." *Davis v. ACEF Martin Folsom LLC*, 2023 WL 8477987, *2 (E.D.Cal. Dec. 7, 2023). *See also Griffin v. Gen. Elec. Credit Union*, 2023 WL 5955735, *3-4 (S.D.Ohio Sept. 13, 2023) (dismissing alleged federal claim under the Bills and Exchange Act of England).

{¶ 18} Although Campbell claims he is not a sovereign citizen, the Cestui Que Vie Act is associated with sovereign-citizen arguments. *See Donald Sullivan, LLC v. Mackey*, 2025-Ohio-1903, ¶ 2, 8 (11th Dist.), and *In re S.H.O.*, 2019-Ohio-645, ¶ 5-6, 16 (2d Dist.)

7

(rejecting "sovereign nation" and "sovereign citizen" arguments as meritless). As noted, among the documents attached to Campbell's Notice was a "Certificate of Assumed Name, Notice of Transfer of Reserved Name," in which Campbell refers to himself as grantor of a "Cestui Que Vie Trust." Notice, Certificate of Assumed Name, p. 1.

{¶ 19} "A 'cestui que vie' is '[t]he person whose life measures the duration of a trust, gift, estate, or insurance contract.'" *Wood v. United States*, 161 Fed.Cl. 30, 34, fn. 2 (Fed.Ct.Cl. 2022), quoting *Black's Law Dictionary* (11th Ed. 2019). In sovereign citizen practice, the Cestui Que Vie Act of 1666 is used "to assert that because [the plaintiff] has been presumed dead, the United States became the custodian of his estate and now owes him the 'interest of the Estate.'" *Id*. at 34. Presumably, Campbell is asserting that Capital is somehow the custodian of his estate and owes him money, rather than the reverse, which is that he contracted for a credit card, incurred charges, and failed to pay. This argument is frivolous. *See Wood* at 35 (commenting that "the legal fiction presented by plaintiff in the complaint is not based in law but in the fantasies of the sovereign citizen movement.").

{¶ 20} As to the trial court's denial of Campbell's motion to compel discovery, the first motion was premature, as noted. Further, the attachments to Campbell's later motion to compel reveal that Capital objected to various requests as nonsensical and irrelevant. We agree. For example, request seven asked Capital: "Whose job is it to pay interest?" Motion to Compel Further Discovery (Mar. 6, 2025), p. 3. This was not an appropriate discovery request; it was not a question but instead asked for a legal conclusion. Specifically, whether interest should be paid would have been governed by the credit card agreement, which Campell could read. The same observations apply to the remaining discovery questions. Consequently, the trial court did not commit any error in denying the motion to compel.

**{¶ 21}** Finally, there was no due process violation. In fact, Campbell received all process due. Rather than being deprived, Campbell burdened the court with voluminous and frivolous pleadings to try and avert a simple contract judgment based on his failure to pay a creditor for items he had charged.

**{¶ 22}** Having found no error concerning the above matters, we consider the order granting summary judgment and the dismissal of Campbell's counterclaim.

## B. Summary Judgment

### 1. Legal Standards

**{¶ 23}** We begin with legal standards that apply to summary judgment. For summary judgment to be granted under Civ.R. 56(C), "it must be demonstrated that there is no issue as to any material fact, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party." *Miller v. Bike Athletic Co.*, 80 Ohio St.3d 607, 617 (1998), citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1997). The party seeking summary judgment has the burden of showing that no genuine issues of material fact exist. *Id.*, citing *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988). "[I]f the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). While Civ.R. 56(C) requires that evidence must be construed in the light most favorable to the nonmoving party, "an adverse party may not rest upon the mere allegations or denials of the party's pleadings . . . ." Civ.R. 56(E).

9

**{¶ 24}** De novo review applies to summary judgment decisions. *Ward v. Bond*, 2015-Ohio-4297, ¶ 8 (2d Dist.), citing *Schroeder v. Henness*, 2013-Ohio-2767, ¶ 42 (2d Dist.). In this type of review, we use the same standards as the trial court and examine the evidence to decide if genuine issues of material fact preclude summary judgment. *Id.*, citing *Brewer v. Cleveland City Schools Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist. 1997). (Other citation omitted.)

### 2. Principles that Govern Actions on Accounts

**{¶ 25}** "An action on an account is founded upon contract, and exists to avoid the multiplicity of suits that would be necessary if each transaction between the parties would be construed as constituting a separate cause of action." *Rumpke v. Acme Sheet & Roofing, Inc.*, 1999 WL 1034455, *4 (2d Dist. Nov. 12, 1999), citing *Am. Sec. Serv. v. Baumann*, 32 Ohio App.2d 237, 242 (10th Dist. 1972). "The cause of action exists only as to the balance that may [be] due one of the parties as a result of the parties' transactions, and not as to each item of the account." *Id.* "A breach of contract claim requires proof of the existence of a contract, performance by the plaintiff, breach by the defendant, and resulting damage to the plaintiff." *Discover Bank v. Pierce*, 2014-Ohio-625, ¶ 16 (2d Dist.), citing *Sullivan v. Curry*, 2010-Ohio-5041, ¶ 43 (2d Dist.).

**{¶ 26}** "Ohio recognizes that the issuance and use of a credit card can create a legally binding agreement." *Unifund CCR Partners Assignee of Palisades Collection, LLC v. Childs*, 2010-Ohio-746, ¶ 17 (2d Dist.), citing *Bank One, Columbus, N.A. v. Palmer*, 63 Ohio App.3d 491 (10th Dist. 1989). In addition, we have held that "[a] creditor does not need to produce a signed credit card application to prove the existence of a binding contract because the credit card agreement created one." *Capital One, N.A. v. Howard*, 2024-Ohio-275, ¶ 12 (2d Dist.), citing *Discover Bank v. Poling*, 2005-Ohio-1543, ¶ 17 (10th Dist.).

{¶ 27} "An account must show the name of the party charged. It begins with a balance preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum. Following the balance, the item or items, dated and identifiable by number or otherwise, representing charges, or debits, and credits, should appear. Summarization is necessary showing a running or developing balance or an arrangement which permits the calculation of the balance claimed to be due." *Brown v. Columbus Stamping & Mfg. Co.*, 9 Ohio App.2d 123, 126 (10th Dist. 1967), *modified as noted in Johncol, Inc. v. Cardinal Concession Services, L.L.C.*, 2017-Ohio-9031, ¶ 18 (10th Dist.).

{¶ 28} In *Johncol*, the court remarked, "Since *Brown*, we have clarified the requirements to adequately plead and prove an account. In *Hudson & Keyse, L.L.C. v. Carson*, 10th Dist. No. 07AP-936, 2008-Ohio-2570, 2008 WL 2221968, we stated, '[i]t is not necessary that every transaction between the parties be included.'" *Id.*, quoting *Hudson* at ¶ 13. Our own district has similarly held that "'to constitute an account, it is not necessary that every transaction that has transpired between the parties be included during the entire existence of their business relationship, *although such also would represent an account.*'" (Emphasis in original.) *Rumpke*, 1999 WL 1034455, at *6, quoting *Wolf Automotive v. Rally Auto Parts, Inc.*, 95 Ohio App.3d 130, 134 (10th Dist.1994).

{¶ 29} Having reviewed all the evidence Capital submitted to support its motion for summary judgment, we find that Capital satisfied the necessary requirements for proving the account and was entitled to summary judgment. Given this, Campell then had the burden to affirmatively demonstrate genuine issues of material fact. He failed to do so because he did not respond to the summary judgment motion and did not submit any proper evidentiary materials.

{¶ 30} "Any error committed by the trial court in granting summary judgment is waived if the non-moving party fails to file a brief or evidence in opposition or fails to challenge the movant's evidence." *USA Freight, L.L.C. v. CBS Outdoor Group, Inc.*, 2015-Ohio-1474, ¶ 21 (2d Dist.), citing *Rodger v. McDonald's Restaurants of Ohio, Inc.*, 8 Ohio App.3d 256, 258, fn. 7 (8th Dist.1982). In that situation, we review for plain error only. *Id*. at ¶ 22. "The plain-error doctrine 'is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.'" *Citibank v. Wood*, 2008-Ohio-2877, ¶ 50 (2d Dist.), quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-123 (1997).

{¶ 31} Here, there was no error or plain error. The trial court granted summary judgment to Capital and dismissed the counterclaim for the reasons Capital had stated in its motion. Judgment Entry, p. 1. In the motion, Capital presented properly authenticated copies of the Customer Agreement that applied to Campbell. It also submitted account statements from December 17, 2017 (showing a zero balance), through January 20, 2024, which showed an ending balance of $7,671.42 (the amount alleged in the complaint). Campbell never denied making the charges; his only claim was that he had paid more than $28,000 to Capital when he actually paid nothing. Campbell never presented any proof as required by Civ.R. 56 and advanced only frivolous theories. Accordingly, no error or plain error occurred.

III. Conclusion

{¶ 32} For the reasons stated, Campbell's assignments of error are overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J., and HUFFMAN, J., concur.